REED E. SCHAPER (SBN 082792)
rschaper@hkemploymentlaw.com
FERRY LOPEZ (SBN 274080)
flopez@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA  90401
Telephone:  (310) 255-0705
Facsimile:  (310) 255-0986

MONTE GRIX (SBN 241050)
mgrix@hkemploymentlaw.com
ADAM MALDONADO (SBN 267002)
amaldonado@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
456 Montgomery Street, Suite 2200
San Francisco, CA  94104
Telephone:  (415) 835-9000
Facsimile:  (415) 834-0443

Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDA REYES, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA, a Delaware Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1332, 1441 (A)(B), 1446**<br><br>[County of Santa Clara Superior Court Case No.:  21CV383092]<br><br>**Complaint Filed:** June 16, 2021 |

**TO THE CLERK OF THE COURT:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. § 1441, Defendant VITAS Healthcare Corporation of California ("VITAS") hereby removes this case filed by Plaintiff Erlinda Reyes ("Plaintiff") in the Superior Court of the State of California for the County of Santa Clara (the "State Court") to the United States District Court for the Northern District of California under

the Class Action Fairness Act ("CAFA"), codified in pertinent part at 28 U.S.C. § 1332(d).

In support of this Notice, VITAS alleges that removal is proper as follows:

## I.     THIS REMOVAL IS TIMELY

Generally, "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." (28 U.S. Code § 1446(a).)  However, if a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service of process or otherwise, "of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has become removable." (28 U.S.C. § 1446(b)(3), emphasis added; *see Durham v. Lockheed Martin Corporation*, 445 F.3d 1247,1250 (9th Cir. 2006) (applying Section 1446 and holding same.)  In assessing removability on the basis of amount in controversy, "information … in the record of the State proceeding, or in response to discovery, shall be treated as 'other paper' under subsection (b)(3)." (28 U.S.C. § 1446(c)(3)(a). *See Harris v. Bankers Life and Cas. Co.,* 425 F.3d 689, 691 (9th Cir. 2005) (applying section 1446(b) and holding that the "thirty day time period [for removal] starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face the facts necessary for federal court jurisdiction") (internal citations omitted).)  While courts expect that defendants utilize a reasonable amount of thought in determining removability, a defendant is not obliged to engage in undue speculation in order to do so.  (*Id*. at 695.)  *See also Stone v. GEICO Ins. Co*., 731 Fed. Appx. 688, 690 (9th Cir. 2018) (citing Section 1446(b)(1), removal was timely where amount in controversy was first ascertained upon service of motion for class certification: "[a]t the earliest, GEICO received 'a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, thereby triggering the 30-day removal period, 28 U.S.C. § 1446(b)(1), when plaintiffs moved for class certification").

///

1    VITAS was served with Plaintiff's Complaint, and First Amended Complaint on June 16, 2021, and October 25, 2021, respectively. (True and correct copies are attached as **Exhibits A** and **B** to the Declaration of Adam R. Maldonado ("Maldonado Decl.") at ¶ 2.)  Neither the Complaint nor the First Amended Complaint state an amount in controversy or the number, or an estimate of the number, of putative class members.  Accordingly, the amount in controversy is unclear from the First Amended Complaint and, thus, the rule regarding amount in controversy for purposes of removal was not satisfied at the time of the filing and service of the First Amended Complaint. *See* 28 U.S.C. § 1332(a).

On January 13, 2022, VITAS served Plaintiff with discovery in the form of Special Interrogatories (Set One) that were specifically tailored to discover the amount in controversy. (Maldonado Decl. at ¶ 4, **Exhibit D**.)  Plaintiff served Defendant with her verified responses to Defendant's Special Interrogatories (Set One) on February 15, 2022. (Maldonado Decl. at ¶ 5, **Exhibit E**.)  The information contained in Plaintiff's interrogatory responses provides the basis upon which Defendant now seeks to remove this action, i.e., as explained further below, that Plaintiff seeks, on behalf of the putative class that she seeks to represent, an amount in excess of $5 million, which is the jurisdictional minimum under CAFA.  Put another way, Plaintiff's verified Special Interrogatory responses, served on Defendant on February 15, 2022, for the first time permitted Defendant to reasonably ascertain the minimum amount in controversy without engaging in unreasonable assumptions. (Maldonado Decl., at ¶ 6.)  Thus, the amount in controversy became ascertainable on February 15, 2022. *See Magallon v. Capstone Logistics, LLC*, 2016 U.S. Dist LEXIS 146426, *8 (C.D. Cal. Oct. 21, 2016) (holding that "other paper" establishing amount in controversy "includes responses to interrogatories and deposition questions.")

As required by 28 U.S.C. § 1446(d), VITAS is providing written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, in and for the County of Santa Clara. (Maldonado Decl. at ¶ 7, **Exhibit F**.)

## II.  JURISDICTION AND VENUE UNDER THE CLASS ACTION FAIRNESS ACT

This Court has original jurisdiction of this Action under CAFA.  As set forth below, this Action is properly removable, pursuant to 28 U.S.C. § 1441(a), because the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs, at least one class member is a citizen of a state different from that of Defendant and the number of California putative class members is greater than 100. (28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1332 (d)(6).) Additionally, this Court is in the judicial district embracing the place where the State Court Action was brought—Santa Clara County, California—and is pending.  Thus, this Court is the proper district court to which this case should be removed.  (28 U.S.C. §§ 1441(a) and 1446(a).)

### A.  VITAS is a Citizen of Both Delaware and Florida.

VITAS is a corporation organized under the laws of the State of Delaware, with its principal place of business in Miami, Florida.  (Declaration of Dean Robertson ("Robertson Decl.") at ¶ 3.) Corporations are citizens of: (1) the state in which they are incorporated and (2) the state in which they maintain their "principal place of business." (28 U.S.C. § 1332(c)(1).)  The U.S. Supreme Court adopted the "nerve center" test to determine a corporation's "principal place of business," which "normally will be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center,' and not simply an office where the corporation holds its board meetings." (*Hertz v. Friend*, 130 S. Ct. 1181, 1192 (2010).)

At the time of the filing of the Complaint in this case and as of today, VITAS maintains its headquarters at 201 S. Biscayne Boulevard, Suite 400, Miami, Florida 33131. (Robertson Decl. at ¶ 4.) Most of VITAS' officers reside and work in the Miami, Florida area and, when decisions are made about the business of VITAS, they are made by those officers in Miami, Florida. (*Id*.) That is the location where VITAS' senior management is located and the location from which the affairs of the company are directed. (*Id*.)

In addition, nationwide management operations and control for all VITAS departments, including their Human Resources, Legal, Information Technology, Marketing, Payroll and Finance Departments, originate from the Miami, Florida headquarters.  (Robertson Decl. at ¶ 5.)

Furthermore, the California Secretary of State recognizes the headquarters for VITAS as located in Miami, Florida. (Robertson Decl. at ¶ 6, **Exhibit A**.) As a result, VITAS is a citizen of Delaware and Florida.

### B. Plaintiff and the Putative Class Members are Citizens of California.

Plaintiff worked for VITAS in Santa Clara County. (Declaration of Craig Pritchard ("Pritchard Decl.") at ¶ 3.) In addition, Plaintiff is a resident of the State of California. (First Amd. Compl. at p.3, ¶ 6.) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.* 704 F.2d 1088, 1090 (9th Cir. 1983).) Residence is *prima facie* evidence of domicile. (*State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (l0th Cir. 1994).) Accordingly, Plaintiff is a citizen of the State of California.

Plaintiff defines the putative class as "[a]ll non-exempt employees who work or worked for Defendants in California from May 16, 2019, through the date of trial." (FAC, ¶ 31.) During this identified time period, VITAS has employed approximately 2,083 hourly, non-exempt employees who work and live in California and who are therefore members of the putative class that Plaintiff identifies in her Complaint. (Pritchard Decl. at ¶ 9.)

Under CAFA, removal is proper if at least one class member is a citizen of a state different from that of at least one defendant. (*See* 28 U.S.C. §§ 1332(d)(2) & (d)(6)).) Here, because most, if not all, of the putative class members are citizens of California, and because VITAS is a citizen of Florida and Delaware, removal is proper on that ground.

### C. There Are Far More than 100 Potential Class Members.

CAFA requires that the aggregated number of members of all proposed classes in a complaint be at least 100. (28 U.S.C. § 1332(d)(5)(B).) As indicated above, Plaintiff seeks to represent "[a]ll non-exempt employees who work or worked for Defendant [] in California from May 16, 2019, through the date of trial," whom she maintains were subject to various violations of the California Labor Code. (First Amd. Compl. at p. 9, ¶ 31(1)-(5).) As above, during the applicable purported class period, VITAS employed approximately 2,083 hourly, non-exempt employees in California that fall within Plaintiff's definition of the putative class, far exceeding the jurisdictional requirement. (Pritchard Decl. at ¶ 9; First Amd. Compl. at p. 9, ¶32(1)-(5).)

**D.    The Amount in Controversy Exceeds Five Million Dollars, Which is the Amount Required for CAFA Removal.**

Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. (28 U.S.C. § 1332(d)(6).) To establish that the amount in controversy exceeds the jurisdictional limit, the defendant must make a "short and plain statement" of the basis for removal, including that it is more likely than not that the amount in controversy exceeds the jurisdictional requirement. (*See Dart Cherokee Basin Operating Co. LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *Ibarra v. Manheim Invs. Inc.* 775 F.3d 1193, 1197-98 (9th Cir. 2015) (citing and discussing *Dart Cherokee Basin Operating Co.*: "a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal."[1])

As set forth below, using even conservative assumptions about Plaintiff's purported damages and making simple calculations based on said assumptions as well as the information contained in Plaintiff's interrogatory responses, the amount in controversy exceeds the $5,000,000 jurisdictional threshold.

**1.    Failure to Provide Accurate Wage Statements: Plaintiff Seeks Approximately $4,827,900.00.**

Under California Labor Code section 226 regarding wage statements, an employee suffering injury as a result of wage statement violation is entitled to recover the *greater* of all actual damages *or* $50 for the initial pay period in which a violation occurs and $100 per employee for each subsequent violation up to a statutory maximum of $4,000 per employee, as well as costs and reasonable attorney's fees. (Cal. Lab. Code § 226(e).) Yet Plaintiff's purported damages relating to Defendant's alleged failure to provide accurate wage statements are, at best, vague. The FAC states that "Plaintiff seeks wage statement violations on behalf of herself and all members of the Wage

---

[1] Defendant's calculations are based on the putative class alleged in the Complaint and in no way indicate that class treatment is appropriate in this case, or that Plaintiff has standing to represent such a class, or that the class proposed would meet the requirements set forth in Rule 23 of the Federal Rules of Civil Procedure. VITAS reserves the right to challenge Plaintiff's claims, adequacy and standing to represent any class, class definitions, and calculation of damages in all respects.

6

NOTICE OF REMOVAL
CASE NO.:

Statement subclass "*up to an amount* not exceeding an aggregate penalty of $4,000" per employee. (First Amd. Compl. at p. 16, ¶ 60.) (Emphasis added.) In other words, based on the face of the Complaint, the range of damages sought are unspecified. It is unclear if Plaintiff seeks actual damages of some amount or penalties, and to the extent that penalties are sought, the amount thereof is unspecified. Put another way, the FAC's allegations fail to provide any reasonably quantifiable information as to the frequency of Defendant's alleged section 226 violations (which could range, on a penalty basis, from $50 up to $4,000). (*Id*.) Because of this uncertainty and lack of quantifiable information, Defendant propounded special interrogatories upon Plaintiff regarding damages. *See Magallon, supra*, 2016 U.S. Dist LEXIS 146426, at *8 (holding that responses to interrogatories are sufficient to establish amount in controversy). In response to Defendant's Special Interrogatory No. 4 requesting that Plaintiff, for the first time, state the total dollar amount of damages Plaintiff seeks to recover through her FAC for alleged wage statement violations, Plaintiff responded as follows: "[a]s a result of Defendant's failure to provide accurate itemized wage statements to Plaintiff, Plaintiff *seeks the statutory maximum* amount allowable under Labor Code § 226(a)," indicating that Plaintiff asserts that there were Section 226 violations on *every* wage statement she received. (Maldonado Decl., at ¶ 5, **Exhibit E**, at pg. 7, emphasis added.)

This now-quantifiable information can be applied to the putative class as a whole. Plaintiff asserts that her claims are typical of the claims of the putative classes because Plaintiff was employed as a non-exempt employee in California during the statute(s) of limitation applicable to "each cause of action" pled in the Complaint. (Compl. at p. 11, ¶ 35.) As such, her assertion, via her response to Special Interrogatory No. 4 that she seeks the "statutory maximum amount allowable under Labor Code § 226(a)," i.e., that every wage statement she received during the limitations period was not compliant under Section 226, demonstrates that this "statutory maximum" can fairly be extrapolated to all putative class members. Although it is unclear if Plaintiff seeks actual damages or penalties (and again, Plaintiff can seek the greater of these), at a minimum, the "statutory maximum" would be $50 for the first pay period and $100 for each subsequent pay period. Those putative class members that worked at least 41 pay periods (received at least 41 paychecks and wage statements) during the class period would, by Plaintiff's calculation,

7

be entitled to no less than the penalty maximum of $4,000.  (Pritchard Decl., at ¶ 4.)

Based on company data, of the total 2,083 putative class members, 1,694 worked a total of 101,393 workweeks from June 16, 2020, (one year prior to the filing of the Complaint, which is the applicable statute of limitations for a Section 226 claim) to the present.  (Pritchard Decl., at ¶ 8.) This translates to approximately 50,696.5 total pay periods based on VITAS' practice and policy of paying employees their wages every two weeks (101,393 workweeks / 2 = 50,696.5 pay periods). (Pritchard Decl., at ¶ 4.)  This in turn means that each employee during the relevant statute of limitations period worked an average of 29 pay periods[2] (50,696.5 total pay periods / 1,694 putative class members = 29.93 average pay periods worked per putative class member).  Factoring an initial pay period violation of $50 per putative class member, and adding that value to the 28 additional pay period violations per putative class member at a rate of $100 per subsequent violation, the total monetary penalty per putative class member for pay period violations during the relevant statutory time period is $2,850 per employee ($50 + ($100 x 28) $2,800 = $2,850).  Therefore, taken as a whole, the total statutory penalties associated with Plaintiff's wage statement violations claim is **$4,827,900.00** ($2,850 individual penalty rate per putative class member x 1,694 total putative class members = $4,827,900.00), exclusive of attorneys' fees or costs.

### 2. Plaintiff's Attorney's Fees: For Purposes of Removal, Plaintiff's Attorneys Seek A Minimum of $603,487.00 in Attorney's Fees.

Where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is "more likely than not" that the amount in controversy exceeds the jurisdictional threshold.  (*Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 699-701 (9th Cir. 2007).)  To that end, the Court must consider any "sums [that] would entail a payment" by the defendant(s), including damages for lost wages, compensatory damages, punitive damages, and *attorneys' fees*.  (*Id*. at 701, emphasis added.) Under *Guglielmino*, the Ninth Circuit found that a defendant had established that the amount in

---

[2] The actual approximate pay period worked per putative class member is 29.93 (50,696.5/1,694=29.93) but rather than rounding up to 30, Defendant has conservatively round down to 29.

controversy was met by relying upon a formula which calculated attorney's fees at a ratio of 1:8 with actual damages. (*Id.*) The receipt of Plaintiff's responses to its Special Interrogatories regarding Plaintiff's expected damages permitted Defendant to intelligently conduct a *Guglielmino* damages calculation. When estimated at 12.5% of total ascertainable economic damages (which at this point consist of statutory penalties associated with Plaintiff's wage statement violation allegations, discussed *supra*), Plaintiff's attorney's fees would be **$603,487.00** (0.125% x $4,827,900.00 = $603,487.00).

### E. The Total Amount in Controversy

A total of the various amounts in controversy leads to an aggregate amount in controversy of **$5,431,387.00**, which exceeds the jurisdictional minimum. This is calculated as follows:

| Cause of Action | Amount |
| --- | --- |
| Wage Statement Violations (Lab. Code §226(a)) | $4,827,900.00 |
| Plaintiff's Attorneys' Fees | $603,487.00 |
| **TOTAL** | **$5,431,387.00** |

### III. CONCLUSION

For the foregoing reasons, removal of this case under CAFA is proper. The aggregated amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, at least one class member is a citizen of a state different from that of VITAS, and the number of California putative class members is greater than 100.

Dated:  March 17, 2022                                            HIRSCHFELD KRAEMER LLP


By: */s/ Adam Maldonado*
Reed E. Schaper
Monte Grix
Ferry Lopez
Adam Maldonado
Attorneys for Defendant
VITAS HEALTHCARE CORPORATION OF CALIFORNIA

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 456 Montgomery Street, Suite 2200, San Francisco, California 94104. On March 17, 2022, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. §§1332, 1441 (A)(B), 1446**

☐ by transmitting **via facsimile** on this date from fax number (415) 834-0443 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was made by agreement of the parties, confirmed in writing. The transmitting fax machine complies with Cal. R.Ct 2003(3).

☐ by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at San Francisco, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On March 17, 2022, I caused to be served via messenger the above-listed documents.

☐ by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

☐ by transmitting via **email** on this date the document(s) listed above to the email address(es) set forth below.

☐ by submitting an **electronic** version of the document(s) listed above to the court's approved electronic service vendor.

1

CERTIFICATE OF SERVICE
CASE NO.:

4879-9604-0214

HIRSCHFELD KRAEMER LLP
ATTORNEYS AT LAW
SAN FRANCISCO

☒ by email. Due to the National Emergency and public health orders in California related to the coronavirus and COVID-19 pandemic, Hirschfeld Kraemer LLP attorneys and staff are working remotely and therefore have limited capabilities to send physical mail in the normal course of business. On this date, I personally transmitted the foregoing document(s) using electronic mail to the e-mail address(es) of the persons listed below.

*Attorneys for Plaintiff, Erlinda Reyes*

Mehrdad Bokhour, Esq.
Anwar D. Burton, Esq.
BOKHOUR LAW GROUP, P.C.
1901 Avenue of the Stars, Suite 450
Los Angeles, CA  90067
Telephone:    (310) 975-1493
Facsimile:    (310) 675-0861
Email:        mehrdad@bokhourlaw.com; anwar@bokhourlaw.com

Joshua S. Falakassa, Esq.
FALAKASSA LAW, P.C.
1901 Avenue of the Stars, Suite 450
Los Angeles, CA  90067
Telephone:    (818) 456-6168
Facsimile:    (888) 505-0868
Email:        josh@falakassalaw.com    Carlos Garcia: carlos@bokhourlaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on March 17, 2022 at San Francisco, California.

_____
Cheri McCaffrey