UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDA REYES,<br><br>        Plaintiff,<br><br>    v.<br><br>VITAS HEALTHCARE CORPORATION OF CALIFORNIA,<br><br>        Defendant. | Case No. 22-cv-01724-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 11 |

Plaintiff Erlinda Reyes moves to remand her class action lawsuit back to state court, arguing that defendant Vitas Healthcare Corporation of California's ("Vitas") notice of removal was untimely and that Vitas has not meet its burden in showing that the amount of controversy exceeds the $5 million required by the Class Action Fairness Act of 2005 ("CAFA"). Reyes's motion is GRANTED. Vitas has not met its burden in proving the amount of controversy. Instead, it relied on an unreasonable assumption based on the amount of damages articulated in an interrogatory response that was limited to Reyes and did not extend to the class as a whole.

**BACKGROUND**

Vitas operates hospice programs in more than a dozen states, including California. First Am. Compl. ("FAC") [Dkt. No. 1-1, Ex. B] ¶ 1. Reyes worked for Vitas as a non-exempt home health aide from June 2009 until she was terminated in March 2021. *Id*. at ¶ 12.

On June 16, 2021, Reyes filed a class action complaint against Vitas in California Superior Court for the County of Santa Clara alleging seven causes of action, including failure to pay minimum and overtime wages, rest period violations, wage statement violations, and waiting time penalties, all in violation of California labor law. *See* Compl. [Dkt. No. 1-1, Ex. A] 1. She filed

the FAC on October 22, 2021, adding a claim under the Private Attorneys General Act. *See* FAC at 1. By failing to properly pay non-exempt employees minimum and overtime wages and for non-compliant breaks, Reyes alleges that Vitas failed to provide accurate wage statements in violation of California Labor Code section 226. FAC at ¶ 24. As a result, Reyes asserts that she and class members are "each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 per plaintiff and per every member" of the class under California Labor Code section 226(e). *Id*. at ¶ 60.

On January 13, 2022, Vitas served Reyes with a special set of interrogatories. *See* Dkt. No. 1-1, Ex. D. Special Interrogatory No. 4 read: "State the total amount of DAMAGES YOU seek to recover for YOUR claim for wage statement violations under the fourth cause of action in the COMPLAINT. (As used in this interrogatory, 'DAMAGES' means the total amount of money that YOU are seeking.)" *See id*. at 3:10-13. The interrogatories included the following definition: "As used in these interrogatories, 'PLAINTIFF,' 'YOU,' and 'YOUR' mean and refer to plaintiff Erlinda Reyes, her representatives, agents, attorneys, investigators, or any person or entity acting on her behalf." *Id.* at 2:24-26.

Reyes served Vitas her response on February 15, 2022. *See* Dkt. No. 1-1, Ex. E. Her response to the above interrogatory read in part: "As a result of defendant's failure to provide accurate itemized wage statements to plaintiff, plaintiff seeks the statutory maximum amount allowable under Labor Code § 226(a)." *See id*. at 7:3-5.

Vitas removed the case to federal court on March 17, 2022, arguing that Reyes's interrogatory response allowed it to reasonably ascertain for the first time that the amount in controversy exceeded $5 million, satisfying the minimum required by CAFA. *See* Notice of Removal [Dkt. No. 1] 3:9-22. Reyes moved to remand on April 15, 2022. Dkt. No. 11.

**LEGAL STANDARD**

**I.    REMOVAL GENERALLY**

A defendant sued in state court may remove the action to federal court if the action could have been brought in federal court in the first instance. 28 U.S.C. § 1441(a). The notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id*. at § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id*. at § 1446(b)(3). The removal statute is strictly construed; any doubt requires resolution in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

## II.  REMOVAL UNDER CAFA

CAFA gives federal courts original jurisdiction over class actions where there are at least 100 class members, at least one plaintiff is diverse in citizenship from any defendant, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. § 1332(d); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015). A class action that meets CAFA's requirements may be removed to federal court. 28 U.S.C. § 1441(a).

If the amount of controversy is "unclear or ambiguous" from the face of the complaint, the defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the $5 million threshold. *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 962-63 (9th Cir. 2020) (citation omitted). A defendant's notice of removal needs only a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold"—not evidence. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). But if the plaintiff challenges the defendant's assertion, more is required. Then, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra*, 775 F.3d at 1195 (citing *Dart*, 574 U.S. at 82). That evidence may include affidavits, declarations, or other "summary-judgment type evidence relevant to the amount in controversy." *Id*. at 1197 (citation omitted).

"A defendant may rely on reasonable assumptions to prove that it has met the statutory threshold." *Harris v. KM Industrial, Inc.*, 980 F.3d 694, 701 (9th Cir. 2020). However, the defendant "cannot establish removal jurisdiction by mere speculation and conjecture." *Ibarra*, 775 F.3d at 1197. "CAFA's requirements are to be tested by consideration of real evidence and the

3

1  reality of what is at stake in the litigation, using reasonable assumptions underlying the
2  defendant's theory of damages exposure." *Id*. at 1198.

**DISCUSSION**

4    Vitas relies on Reyes's interrogatory response in asserting that the amount in controversy
5  is satisfied. *See* Oppo. [Dkt. No. 12] 3:20-4:18. To explain why its removal was timely (since
6  notice of removal "shall be filed within 30 days after receipt by the defendant" of the complaint
7  pursuant to 28 U.S.C. § 1446 and it took nine months to remove this case), Vitas stated that the
8  FAC failed to provide "any reasonably quantifiable information as to the frequency of defendant's
9  alleged section 226 violations (which could range, on a penalty basis, from $50 up to $4,000)."
10 *See* Notice of Removal at 7:2-7. According to Vitas, the interrogatory response—that Reyes
11 sought the "statutory maximum amount allowable" under section 226—provided that clarity. *See*
12 *id*. at 7:20-22; *see also* Oppo. at 4:10-12 ("Plaintiff's discovery response . . . plainly means she
13 seeks a minimum of $4,000."). Using the number of class members and work weeks, Vitas
14 calculated that 1,694 class members worked an average of 29 pay periods, resulting in a penalty of
15 $2,850 per employee. *See* Notice of Removal at 8:2-16. It arrived at a total statutory penalty of
16 more than $4.8 million which, coupled with a calculation of $603,487 in attorneys' fees, surpassed
17 CAFA's $5 million threshold. *Id*. at 8:2-9:10.

18   Vitas argues that its assumptions are reasonable because the wage statement claim is
19 derivative of Reyes' other claims, which allege violations resulting from uniform and unlawful
20 practices. *See* Oppo. at 4:19-5:5. But this overlooks a crucial point: Reyes's interrogatory
21 response only stated the amount of damages *she* sought, not what the class sought. This is clear
22 from the face of the interrogatory itself. It expressly states: "As used in these interrogatories,
23 'PLAINTIFF,' 'YOU,' and 'YOUR' mean and refer to plaintiff Erlinda Reyes, her representatives,
24 agents, attorneys, investigators, or any person or entity acting on her behalf." *See* No. 1-1, Ex. D
25 at 2:24-26. The class or class members are not included. Special Interrogatory No. 4 then directs
26 Reyes to: "State the total amount of DAMAGES YOU seek to recover for YOUR claim for wage
27 statement violations under the fourth cause of action in the COMPLAINT. (As used in this
28 interrogatory, 'DAMAGES' means the total amount of money that YOU are seeking." *Id*. at 3:10-

4

13. Special Interrogatory No. 4 explicitly limits the amount of damages to what Reyes—and only—Reyes seeks on the wage statement claim.

Any allegations of typicality do not help Vitas meet its burden. For a class to be certified, a plaintiff must show that her claims or defenses are typical of those of the class. *See* Fed. R. Civ. P. 23(a)(3). Typicality only requires that the named plaintiff's claims are "reasonably coextensive with those of absent class members; they need not be substantially identical." *Castillo v. Bank of Am., NA*, 980 F.3d 723, 729 (9th Cir. 2020) (citation omitted). Because the claims need not be identical, typicality provides no grounds from which to extrapolate the amount in controversy. *See Cifuentes v. Red Robin Int'l, Inc.*, No. C-11-5635-EMC, 2012 WL 693930, at *5 (N.D. Cal. Mar. 1, 2012) (holding that allegations of typicality did not "mean that the fact and number of days of delay for each class member are alleged to be identical to the plaintiffs" for the purposes of proving the amount in controversy); *see also Vanegas v. DHL Express (USA), Inc.*, No. CV-21-01538, 2021 WL 1139743, at *3 (C.D. Cal. Mar. 24, 2021) (similar).

The assumptions underlying Vitas's calculation of the amount in controversy are unreasonable. It did not attempt to provide any other supporting evidence. It has not met its burden in showing that the amount in controversy exceeds the $5 million required by CAFA. Accordingly, this case will be remanded to state court.[1]

---

[1] A final issue needs attention: whether I should award Reyes attorneys' fees, as she requests. *See* Mot. [Dkt. No. 11] 9:7-19; *see also* 28 U.S.C. § 1447(c) (granting court the authority to award costs and attorneys' fees incurred as a result of the removal). I will not. "[A]bsent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). "But removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorneys' fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Although Vitas's arguments were not compelling, they were not objectively unreasonable.

**CONCLUSION**

The motion to remand this case to the California Superior Court for the County of Santa Clara is GRANTED, except for the request for attorneys' fees, which is DENIED.

**IT IS SO ORDERED.**

Dated: June 1, 2022



William H. Orrick
United States District Judge